**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**MICHAEL LYNN ROBINSON,**

    Petitioner,

v.                                                         Civil Action No.    3:11CV3
                                                               Crim. Action No.   3:10CR17
                                                                (BAILEY)

**UNITED STATES OF AMERICA,**

    Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

I.     Introduction

On this day, the above-styled matter came before this Court upon consideration of the Report and Recommendation to the District Judge Recommending that the District Court Deny Petitioner's Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence ("R&R"). Pursuant to Local Rule, this action was referred to Magistrate Judge Joel for submission of a report and a recommendation R&R, which he filed on November 2, 2011. In that filing [Civ. Doc. 5 / Crim. Doc. 68], the magistrate judge recommended that this Court deny the petitioner's § 2255 and dismiss it from the docket.

Pursuant to 28 U.S.C. § 636 (b) (1) (c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, this Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

1

recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Joel's R & R were due within fourteen (14) days of filing of the same, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). The docket reflects that the petitioner accepted service on November 9, 2011, (see [Civ. Doc. 6 / Crim. Doc. 69]), and the petitioner timely filed his objections to the R & R on November 14, 2011 [Civ. Doc. 7 / Crim. Doc. 70]. Accordingly, this Court will conduct a *de novo* review as to those portions of the R&R to which the petitioner objects. The remaining portions will be reviewed for clear error.

## II. Factual and Procedural History

On March 17, 2010, the Grand Jury charged the petitioner in a one count Indictment, charging him with being a prohibited person in possession of a firearm. Subsequently, the petitioner signed a plea agreement to the above crime, and the parties stipulated the relevant conduct was the possessed firearm – one Ruger, model Single-Six, .22 caliber revolver. As part of the plea agreement, the petitioner further waived his right to appeal and collaterally attack his sentence. In pertinent part, the plea agreement contained the following language concerning his waiver: "Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus)." [Crim. Doc. 30].

On July 1, 2010, the petitioner entered his plea in open court before Magistrate Judge David Joel. At the Rule 11 plea colloquy, the magistrate judge asked a litany of questions of the petitioner to be sure that he fully understood the significance of entering into a plea agreement and, specifically, that he was waiving his appellate and collateral attack rights. The petitioner indicated that he fully understood the nature of the proceeding by answering in the affirmative. Further, petitioner's counsel stated that he had reviewed the plea agreement with his client, explained to him the rights would forego, and then counsel represented to the Court that he believed his client understood the importance of the waiver. At the conclusion of the plea colloquy, the magistrate judge found the plea was made freely and voluntarily, and with full knowledge and understanding of the consequences the plea entailed. He was also informed the petitioner that he was absolving the Government of its burden to prove all the elements of the crime alleged beyond a reasonable doubt. A presentence investigation report ("PSR") was prepared, and sentencing was set to commence before the undersigned district judge.

On October 26, 2010, the petitioner appeared before this Court for sentencing. Chief Judge Bailey sentenced the petitioner to a term of one hundred ten (110) months incarceration, to run consecutive with any previous state or federal sentences, to be followed by a three (3) year term of supervised release [Crim. Doc. 38]. The petitioner did not file a direct appeal.

### III. Discussion

In his Objections, the petitioner asserts that the Government delayed the federal Indictment in this action for two years following the dismissal of the state charges, which,

in turn prevented him from receiving credit for time served while incarcerated in state custody. Further, he contends that his state and federal sentences should have been ordered to be served concurrently. This Court in imposing its sentence, however, exercised its discretion to expressly order that the instant sentence "shall run **consecutively** to the defendant's imprisonment under any previous state or Federal sentence." ([Crim. Doc. 38] p. 2) (emphasis added). See 18 U.S.C. § 3584(a). Simply put, the petitioner has no right to have his federal and state sentences run concurrently, and this Court expressly ordered that they shall not.

The Fourth Circuit has held that "because there is no right to serve state and federal sentences concurrently, [a defendant's] lost chance of doing so cannot be used to establish prejudice for purposes of challenging pre-indictment delay." ***United States v. Uribe-Rios***, 558 F.3d 347, 358 (4th Cir. 2009). Accordingly, because there exists no prejudice, the petition lacks merit, and the objections essentially reiterate the petitioner's displeasure with having to serve the total time in prison for those crimes which he committed.

IV. Conclusion

Accordingly, upon careful review of the above it is the opinion of this Court that the Magistrate Judge's **Report and Recommendation [Civ. Doc. 5 / Civ. Doc. 68]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Additionally, the petitioner's Objections **[Civ. Doc. 7 / Crim. Doc. 70]** are **OVERRULED**. As such, the § 2255 Motion to Vacate, Set Aside, or Correct Sentence **[Civ. Doc. 1 / Crim. Doc. 41]** is **DENIED**, and this matter is hereby **ORDERED STRICKEN** from the active docket of this Court. As a final matter, the Petitioner's Motion to Stay

4

**[Crim. Doc. 50]** is **DENIED AS MOOT**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** December 29, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE