# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**MICHAEL LYNN ROBINSON,**

    Petitioner,

v.                                         **CRIMINAL ACTION NO.: 3:10-CR-17**
                                            **CIVIL ACTION NO.: 3:16-CV-96**
                                            **(BAILEY)**

**UNITED STATES OF AMERICA,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert [Crim. Doc. 97 / Civ. Doc. 6]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Seibert filed his R&R on July 8, 2016, wherein he recommends this Court deny and dismiss the petitioner's § 2255 petition.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91,

94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). The petitioner timely filed objections on July 18, 2016 [Crim. Doc. 99]. Accordingly, this Court will review the portions of the R&R to which objection was made under a *de novo* standard. The remainder will be reviewed for clear error.

Pending before this Court is the Defendant's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 [Doc. 91].[1] The petitioner, acting *pro se*, argues that this Court should vacate his sentence of imprisonment and resentence him in light of recent decisions issued by the Supreme Court of the United States[2] and the United States Court of Appeals for the Fourth Circuit.[3] Recent Supreme Court case law has established that the petitioner is not entitled to the requested relief.

On October 28, 2010, this Court sentenced the petitioner to a term of 110 months' imprisonment following a plea of guilty to Count One of the Indictment, charging him with being a felon in possession of a firearm. In calculating the petitioner's advisory guideline sentencing range, the petitioner argues this Court found that both of his prior convictions constituted a "crime of violence" under the United States Sentencing Guidelines ("USSG"). Accordingly, the petitioner's offense level was enhanced under § 2K2.1(a)(2). Pursuant to this designation, the petitioner's base offense level of 14 was increased to a level 24. After

---

[1] All references to CM/ECF docket numbers refer to the Criminal Action Number.

[2] **Johnson v. United States**, 135 S. Ct. 2251 (2015); **Welch v. United States**, 136 S. Ct. 1257 (2016).

[3] **In re Hubbard**, No. 15-276, 2016 WL 3181417 (4th Cir. June 8, 2016).

2

a three-level reduction for acceptance of responsibility, the petitioner's total offense level was 21. With a criminal history category of VI, the Guidelines provided a sentencing range of 77 to 96 months. This Court imposed a sentence of 110 months' imprisonment.

The petitioner argues that the predicate convictions that resulted in his § 2K2.1(a)(2) enhancement were classified as crimes of violence based on the "residual clause". The petitioner contends that the residual clause has since been found to be unconstitutionally vague, and he asks this Court to vacate his sentence and to resentence him without the enhancement.

Subsequent to the petitioner's sentencing, the Supreme Court issued its decision in **Johnson v. United States**, 135 S. Ct. 2551 (2015), holding that the "residual clause" of the Armed Career Criminal Act is unconstitutionally vague.[4] Subsequently, in **Welch v. United States**, 136 S. Ct. 1257 (2016), the Supreme Court held that **Johnson** announced a substantive rule that applies retroactively on collateral review. And recently, in **In re Hubbard**, No. 15-276, 2016 WL 3181417 (4th Cir. June 8, 2016), the United States Court of Appeals for the Fourth Circuit discussed the applicability of the **Johnson** holding to the career offender provision.[5] Here, the petitioner asserts that the holdings in **Johnson**, **Welch** and **In re Hubbard** have rendered his sentence of imprisonment unlawful,

---

[4] The residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) defines a "violent felony" as including any crime punishable by imprisonment for a term exceeding one year that "involves conduct that presents a serious potential risk of physical injury to another."

[5] United States Sentencing Guidelines § 4B1.2(a)(2), which defined the term "crime of violence" as that term is used in the career offender provision, included a residual clause virtually identical to the clause that the Supreme Court deemed unconstitutionally vague in **Johnson**.

necessitating a prompt resentencing.

The Fourth Circuit, however, left open the question of whether, under **Johnson**, the definition of "crime of violence" in the Sentencing Guidelines is unconstitutionally vague. See **Hubbard**, 2016 WL 3181417, at *4. Last week, the Supreme Court of the United States held that "the Guidelines are *not* subject to a vagueness challenge under the Due Process Clause." **Beckles v. United States**, 580 U.S. \_\_\_, No. 15-8544, Slip op. at 5 (Mar. 6, 2017)(Thomas, J.)(emphasis added). This would include the language petitioner relies on at USSG § 2K2.1(a)(2).

Upon review of the aforementioned, and in light of **Beckles**, this Court **ADOPTS** the Report and Recommendation **[Crim. Doc. 97 / Civ. Doc. 6]** for the reasons more fully stated therein. Accordingly, this Court **ORDERS** that the § 2255 Petition **[Crim. Doc. 91 / Civ. Doc. 1]** be **DENIED**, and this matter be **DISMISSED WITH PREJUDICE**. The petitioner's Objections **[Crim. Doc. 99]** are **OVERRULED**. The Motion to Appoint Counsel **[Crim. Doc. 103]** and Motion for Leave to File Persuasive Authority **[Crim. Doc. 101]** are **DENIED AS MOOT**. This matter is further **ORDERED STRICKEN** from the active docket of this Court.

As a final matter, it is **ORDERED** that, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as the petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); **Miller-El v. Cockrell**, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong

(citing **Slack v. McDaniel**, 529 U.S. 473, 484 (2000)).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and to mail a copy to the *pro se* petitioner.

**DATED:** March 16, 2017.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE